UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| STACY C. STRIBLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No. 2:13-cv-22-PPS |
| vs. | ) |
| | ) |
| SHERIFF JOHN BUNCICH, *et al.,* | ) |
| | ) |
| Defendants. | ) |

## **OPINION AND ORDER**

Stacy C. Striblin, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE 1.) Pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(a) and (b). To survive dismissal, a complaint must contain enough to state a claim for relief that is plausible on its face and to raise the right to relief above the speculative level. *See Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. Nevertheless, I must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Striblin alleges that he contracted Methicillin-resistant Staphylococcus Aureus ("MRSA") due to unsanitary conditions at the Lake County Jail.[1] Specifically, he alleges that

---

[1] Striblin is no longer housed at the jail and is currently at the Miami Correctional Facility. (DE 8.)

the jail holding cells and sleeping areas were "unsanitized, nasty, [and] filthy," because detainees were not given proper cleaning supplies by the guards. He alleges that he complained about these conditions on multiple occasions, including writing letters to Sheriff John Buncich, but nothing was done to fix the problem. He further alleges that after he contracted MRSA, he was not given adequate medical treatment by jail medical personnel. Specifically, he alleges that Valeirae Kalanaras, the jail medical director, and Dr. Choi Eunjin and Dr. Agusti (first name unknown), both jail physicians, were aware that he was in need of outside medical treatment by a specialist, but instead treated him with "cheap & general medications and antibiotics." He further alleges that Dr. Eunjin "willingly performed a bogus surgical incision" on a boil he had under his arm, which did not alleviate the problem or the pain he was experiencing.

Because Striblin was a pretrial detainee when these events occurred, the Fourteenth rather than the Eighth Amendment applies. *See Lewis v. Downey*, 581 F.3d 467, 473 (7th Cir. 2009). The governing standards are functionally equivalent, however, and "anything that would violate the Eighth Amendment would also violate the Fourteenth Amendment." *Id*. In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to be provided with adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *See Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). Conditions of confinement may establish a constitutional

violation in combination when each condition alone would not satisfy the standard. *See Gillis*, 468 F.3d at 493.

On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to his health or safety. *See Farmer*, 511 U.S. at 834. To be deliberate indifferent, "the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference").

Inmates are also entitled to adequate medical care. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *See Farmer*, 511 U.S. at 834. A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *See Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008).

Here, Striblin alleges that the conditions at the jail were so dirty and unsanitary that they caused him to develop a MRSA, a chronic and painful condition he will have for many years.

3

He further alleges that he complained many times about the conditions, including to Sheriff Buncich, but nothing was done to ameliorate the problem. Giving him the inferences to which he is entitled, he has alleged enough to proceed on a claim for deliberate indifference against Sheriff Buncich.

Striblin further asserts that the three medical defendants failed to properly treat his MRSA, a serious and chronic medical condition. The complaint can be plausibly read to allege that the defendants chose a particular course of treatment not for a legitimate medical reason, but because it was cheaper than sending him for outside treatment. Taking his allegations as true, he has alleged a plausible deliberate indifference claim against these defendants.

For these reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed on a Fourteenth Amendment claim against Sheriff John Buncich in his individual capacity for money damages for housing him under substandard conditions at the Lake County Jail, causing him to contract MRSA;

(2) **GRANTS** the plaintiff leave to proceed on a Fourteenth Amendment claim against Valeirae Kalanaras, Dr. Choi Eunjin, and Dr. Agusti in their individual capacities for money damages for denying him adequate medical care for MRSA;

(3) **DISMISSES** any and all other claims contained in the complaint;

(4) **DIRECTS** the United States Marshals Service to effect service of process on Sheriff John Buncich, Valeirae Kalanaras, Dr. Choi Eunjin, and Dr. Agusti; and

(5) **ORDERS** that Sheriff John Buncich, Valeirae Kalanaras, Dr. Choi Eunjin, and Dr. Agusti respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1,

only to the claims for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED**.

ENTERED: August 14, 2013.

s/ Philip P. Simon  
PHILIP P. SIMON, CHIEF JUDGE  
UNITED STATES DISTRICT COURT